UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATIE MCLAUGHLIN,

  Plaintiff,

v.

JOHN DOE,

  Defendant.

C17-974 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant American Family Mutual Insurance Company's Motion for Partial Summary, docket no. 11 (the "Motion"), is DENIED. The subject insurance policy in this lawsuit, policy no. 2020-4857-02-64, docket no. 12-1 (the "Carson Policy"), extends Personal Injury Protection (PIP) and Underinsured Motorist (UIM) coverage to specified categories of "insured persons." Relevant to the Motion, the Carson Policy expressly provides PIP coverage to "any other person who sustains bodily injury while . . . using the insured automobile . . . ." Carson Policy, Personal Injury Protection Coverage, at 1. Although the Carson Policy does not contain similar language extending UIM coverage to other persons "using" the insured automobile, "those words are deemed contained in the endorsement 'by force of the UIM statute and judicial construction.'" *Butzberger v. Foster*, 151 Wn.2d 396, 401–02, 89 P.3d 689 (2004) (quoting *Rau v. Liberty Mut. Ins. Co.*, 21 Wn. App. 326, 331, 585 P.2d 157 (1978)). As a matter of law, Plaintiff, who is not a named insured on the Carson Policy, is therefore entitled to either PIP or UIM coverage if she was "using" the insured vehicle at the time of the accident. *Id.* at 402; Carson Policy, Personal Injury Protection Coverage, at 1; *see also Anderson v. State Farm Mut. Auto. Ins. Co.*, No. C06–1112RSM, 2007 WL 1577870, at *4 (W.D. Wash. May 30, 2007) ("Washington courts

MINUTE ORDER - 1

regularly apply the same analysis to both types of coverage without distinguishing them."). The Carson Policy does not define the term "using" and the Court gives the word its ordinary meaning, with guidance from the multifactor test articulated in *Butzberger*. 151 Wn.2d at 402–13. Although Defendant is correct that the interpretation of the Carson Policy language is a question of law, summary judgment is only appropriate if there are no genuine issues of material fact. *Id.* at 401. The Court concludes that genuine issues of material fact preclude summary judgment.

(2) Defendant's "Motion to Strike" contained on pages 8–10 of its reply brief, docket no. 14, is DENIED as moot.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 19th day of December, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2